## Samuel R. Myer, Appellant, *v.* Jacob R. Myer.

*Guardian and ward—Practice, O. C.—Hearing on the merits—Finality of decree.*

In a proceeding to charge a guardian where there has been a hearing on the merits with the knowledge and acquiescence of the parties, and at their request a final decree has been entered, such decree should not be disturbed on merely technical grounds.

*Trust and trustees—Cotrustees—Guardians.*

Executors and general trustees are liable only for the amount that comes into their hands, and they are not responsible for the acts of each other, except where there is fraud or supine negligence.

Where one of two joint guardians has good grounds for believing that the other guardian is good for the amount of the ward's estate in his hands, he cannot be held liable for a loss caused by the insolvency of the other guardian, merely because, knowing that his associate had no real estate, he did not inquire where the money was.

Argued May 19, 1898. Appeal, No. 80, Jan. T., 1898, by plaintiff, from decree of O. C. Lancaster Co., dismissing petition for citation. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for citation. Before BRUBAKER, J.

Samuel R. Myer died May 6, 1876, testate, leaving to survive him a widow and minor children. He appointed his brother, Jacob R. Myer, and his business partner, John D. Buckwalter, executors.

The will provided as follows: " The shares of those of my children not of age at the time shall remain in the hands of my executors during their minority, and to be paid them respectively as they arrive at twenty-one years of age."

One of the minor children, Samuel R. Myer, the appellant, after he became of age, presented his petition to the orphans' court, praying for a citation to issue to the executors of the estate of his deceased father, Samuel R. Myer, to file an account. The citation was granted and it was served upon Jacob R. Myer, one of the two executors, the appellee, but not on John D. Buckwalter, the other executor, he not being within the jurisdiction of the court. Thereupon the said Jacob R. Myer filed an answer alleging that the moneys of the appellant were not in his hands, but in the hands of John D. Buckwalter, and that he was not accountable for the same. He, however, admitted in his answer that the said Buckwalter had, about 1893, moved to California, and that he was then insolvent.

The other material facts appear by the opinion of the Supreme Court.

The court entered a decree dismissing the petition.

*Error assigned* was the decree of the court.

*A. S. Johns* and *Charles I. Landis*, for appellant.—Jacob R. Myer was bound to file an account, without regard to his ultimate liability, and without regard to whether the funds now claimed actually came into his hands or not: Smith v. Black, 9 Pa. 308; McKeown's Est., 37 Leg. Int. 134; Millers's Est., 6 Kulp, 49; Disston's Est., 38 Leg. Int. 270; McNeal's Est., 6 Kulp, 271; Dickson's Est., 32 Leg. Int. 249; Weldy's App., 102 Pa. 454; Fensmire's Est., 134 Pa. 67; Stong's App., 160 Pa. 13; Hengst's App., 24 Pa. 413.

*John W. Appel*, of *Appel & Appel*, for appellee.—On the merits of the case, there is no liability on the part of Jacob R. Myer: Sterrett's App., 2 P. & W. 422; Robinson's Est., 7 Phila. 61; Wilson's App., 115 Pa. 101; Ormiston v. Olcott, 84 N. Y. 339; Stell's App., 10 Pa. 149; Hatch's App., 12 Atl. Rep. 593; Trayner's Est., Rolla Dance's Trust, 12 Lanc. Bar. 135.

One executor cannot prevent a coexecutor from taking possession of the assets, or take them from him after he has obtained possession of them: Williams on Exrs. *946; Wood v. Brown, 34 N. Y. 337.

In the absence of gross misconduct or gross neglect a trustee will not be surcharged with moneys he never received : Lancaster's Est., 43 Leg. Int. 16 ; Presbyterian Church v. Gordon, 25 Leg. Int. 380 ; McNair's App., 4 Rawle, 148 ; Doebler v. Snavely, 5 Watts, 228 ; Young's App., 99 Pa. 74.

Neither a guardian nor an executor will be compelled to file an account when he has no funds in his hands : Knightee Keneagy's Est., 7 Lanc. Law Rev. 300 ; Guinane's Est., 17 Pa. C. C. 438.

Opinion by Mr. Chief Justice Sterrett, July 21, 1898 :

This appeal is from the decree of the court below discharging the rule to show cause why a citation to file an account should not issue, etc.

The will of Samuel R. Myer, Sr., who died in May, 1876, provides that the shares of his children shall remain in the hands of the executors "during their minority, and be paid to them respectively as they arrive at twenty-one years of age." In 1877, the executors filled their first account, in which each executor is charged with the amount actually received by him. In 1884, they filed their second and final account, as executors, each charging himself individually as before. That account showed a balance of $3,963.41 in the hands of J. R. Myer, the appellee, and $18,899.56 in the hands of J. D. Buckwalter, the other executor. In 1887, the first triennial account of the executors, as testamentary guardians of the four minor children, was filed, showing the amount due to each minor, respectively, " in the hands of guardians," without designating how it was held. In the second triennial account filed in 1890, Jacob R. Myer, the appellee, charged himself with the net balances from the preceding account for two of the minors, with accretions of interest, etc., and showing the true balances after deducting expenses. The other executor, Buckwalter, is similarly charged with balances due the other two minors, one of whom is the appellant, Samuel R. Myer, Jr. The amounts with which the appellee, Jacob R. Myer, charged himself in this account aggregate about $3,000 more than appeared to be in his hands by "the final administration account" of 1884. It however appears by the testimony that his coexecutor, Buckwalter, handed over to the appellee a sum sufficient to make up this

difference; and when the two minors attained their majority it was paid to them by the appellee, and releases were taken. All the shares have been fully paid, except that of the appellant; and it is sought by this proceeding to hold the appellee, as well as his cotrustee, liable for this share. Since the commencement of these proceedings, Buckwalter, as executor and testamentary guardian under the will, has filed a final account "in the share of Samuel R. Myer, Jr., one of the minor children of said deceased, in the hands of the accountant," showing a balance due from the accountant of $3,220.91. To this account exceptions were filed, and are still pending.

The court below disposed of the case on the pleadings and evidence without requiring any further account to be filed. This was done because, as appears in the opinion filed, "counsel for both parties are desirous that the court shall pass upon the merits of the case, that is, on the question of the liability of the coexecutor of the accountant, the respondent in this case;" and accordingly the court proceeded to consider the case on its merits, and discharged the rule.

Appellant's counsel object to the above-quoted statement of the court below, and deny that they joined in any request that the case be finally disposed of on its merits, etc. It is plain, however, from the whole record that the merits of the case were raised, considered and passed upon by the court with the concurrence of all parties concerned. It is averred in the petition that under the will the executors "are made joint testamentary guardians or trustees and are liable jointly to account for all moneys." This averment is denied in the answer, and issue is joined thereon. Other recitals in the pleadings are to the same effect, and show that the main purpose of the proceeding was to fasten liability on the appellee for money received by and in the hands of his cotrustee; and, in the testimony taken under the rule, an effort was made to show that appellee was culpably negligent in regard to the safety of the funds in Buckwalter's hands. With the case thus before the court on its merits, the learned judge discharged the rule for the following reasons:

"1. Because John D. Buckwalter, the coexecutor of the respondent, has in his hands all the moneys of the petitioner, and has filed an account of the same.

"2. Because neither the averments in the petition, nor the

proof submitted to us in the case, show fraud or culpable negligence on the part of the respondent."

These conclusions appear to have been fully warranted by the evidence; and nothing could be gained by requiring the respondent to file a further account to be followed by proceedings in the ordinary course, but with practically the same result. In cases such as this, after a hearing on the merits has been had with the knowledge and acquiescence of the parties, and, at their request, a final decree has been entered, the latter should not be disturbed on merely technical grounds.

As to the principle of law supposed to have been violated by discharging the rule to show cause, there cannot be any serious doubt. As a general rule, it is well settled that executors and general trustees are liable only for the amount that comes into their hands, and they are not held responsible for the acts of each other, except where there is fraud or supine negligence: Stell's Appeal, 10 Pa. 149; Wilson's Appeal, 115 Pa. 101; Fesmire's Estate, 134 Pa. 67; Hall v. Boyd, 6 Pa. 270; Irwin's Appeal, 35 Pa. 294; Sterrett's Appeal, 2 P. & W. 422. In Fesmire's Estate, supra, it is said by our Brother WILLIAMS: "The general rule in relation to the liability of co-trustees is well settled in this state. They are responsible, ordinarily, for their own acts and omissions, but not for those of their associates. So, an executor is not liable for a devastavit committed by his co-executor, unless he contributed to it. . . . A trustee does not become by virtue of his acceptance of the trust an insurer of the trust funds against the possibility of loss, nor a surety for his co-trustees." In Wilson's Appeal, supra, it was said: "It is a general rule that a devastavit by one of the executors will not charge his co-executor, unless the latter has in some way contributed to it, for the testator's misplaced confidence in one should not operate to the prejudice of the other." It is urged against the appellee, in this case, that he was in default, and therefore liable, because he did not inquire where Buckwalter had the money remaining in his hands, knowing as he did that he had no real estate. That would be requiring of the cotrustee a greater degree of care than the testator himself exercised. He appears to have had confidence in Buckwalter, who, at the date of the will, was associated with him in business, and, by the terms of the will, was authorized to take

a half interest therein. In view of these and other facts to which reference might be made, in connection with appellee's uncontradicted averment that he neither knew nor had any reason to believe that Buckwalter was not good for appellant's share, etc., it would be unjust to hold him liable for funds in the hands of his cotrustee. We find nothing in the case that would have warranted the court below in reaching any other conclusion than it did. It follows from what has been said that the decree should not be disturbed.

Decree affirmed and appeal dismissed at appellant's costs.