## Trust Companies Acting as Co-Trustees.

*Trust companies — Acting as co-trustees — Examination of securities — Duties of Commissioner of Banking—Act of May 21, 1919.*

1. Where a trust company is a co-trustee with another and shares in the actual control or custody of the securities of the trust estate, or has a liability with respect thereto, such securities should be included in the trust assets to be reported and submitted to the Commissioner of Banking for examination.

2. If the co-trustee is an officer of the trust company, and the trust company has appointed another of its officers as agent to co-operate in administering the trust, and the securities are actually in the vaults of the company, the company cannot say that it is not in control or custody of the trust assets.

The Banking Department Act of May 21, 1919, P. L. 209, considered.

Attorney-General's Department. Opinion to Hon. Peter G. Cameron, Commissioner of Banking.

Pusey, Dep. Att'y-Gen., Jan. 11, 1923.—In reply to your communication of Dec. 29th last, making inquiry concerning your authority or duty to examine trust assets and property in the actual or constructive possession of a trust company under supervision of your department, where such trust company is a co-trustee, I beg to advise you as follows:

Under the Banking Department Act approved May 21, 1919, P. L. 209, you are required, in section 14 thereof, to examine trust companies and "to make a thorough examination into all the business and affairs of the corporation or person in all departments, and of all property, assets and resources wherever situated."

2 D. & C.

Section 15 of the same act requires every corporation and person subject to the supervision of the Banking Department, excepting building and loan associations, to render to the Commissioner of Banking not less than two nor more than five reports of its condition during each year, each such report to exhibit in detail and under appropriate heads the resources and liabilities of the corporation or person, etc.

Undoubtedly the purpose of the examinations and reports required by the Act of 1919 is to enable the Commissioner of Banking to determine the condition of the several institutions under his supervision, and to require the restoration of the capital of any institution, the report of which may show an impairment thereof.

Under the provisions of the second paragraph of clause I, section 29, of the Act of May 9, 1889, P. L. 159, relating to trust companies, it is provided as follows: "To receive and hold on deposit and in trust and as security estate, real and personal, including the notes, bonds, obligations of states, individuals, companies and corporations, and the same to purchase, collect, adjust and settle, sell and dispose of in any manner, without proceeding in law or equity, and for such price and on such terms as may be agreed on between them and parties contracting with them: Provided, that nothing herein contained shall authorize said companies to engage in the business of banking."

It is imperative that trust companies shall show on their books and in their reports all liabilities of the company on account of trust funds as well as of deposits, etc., and that the examiners shall examine the accounts and securities of the trust department in order to determine the liability of the trust company on account thereof.

I understand that in a particular instance coming before you for consideration, under the will of A, the X trust company, the testator's widow, and B, a vice-president of the trust company, were appointed co-trustees; that the trust company has formally accepted the trust and has appointed C, a vice-president of the trust company, its agent to act with the other two co-trustees in the administration of the estate; that the trust company keeps no records of the estate, the same being kept in the office of B, a vice-president of the trust company, one of the co-trustees; and that the estate does not appear in any way on the books of the trust company, except in the deposit ledgers as a depositor.

That, furthermore, the trust company does not report its liability to your department on account of the estate, in the reports required by section 15 of the Act of May 21, 1919, P. L. 209, and, further, refuses to permit the examiners of your department to examine the securities held for the estate for the following reasons, as stated in a letter addressed to your department: "Inasmuch as we do not have sole custody of the assets of these estates, they are not carried on our books or included in our statements," etc.

The trust assets referred to are said to be in the vaults of the trust company, under the control of B, one of the co-trustees and a vice-president of the trust company, and C, another vice-president, in his capacity as "agent" of the trust company.

It was decided by the Supreme Court of Pennsylvania in Adams's Estate, 221 Pa. 77, that "The joint receipt of trust funds imposes upon co-trustees a joint liability, and that neither by neglect should permit the other to dissipate or appropriate the trust property. If either trustee had any reason to believe that his co-trustee was not acting in good faith or might convert the trust funds to his own use, it was incumbent upon him to take the necessary steps to prevent such misapplication of the funds. Failure to do so renders him

liable for loss;" and that "Where one trustee removes securities without his co-trustee's consent from the bank deposit-box in which they were kept, the incident is sufficient to arouse the co-trustee's suspicions and raises a duty to prevent the possible repetition of such conduct."

It was likewise decided in Graham's Estate (No. 1), 218 Pa. 344, that if a co-trustee, through neglect of duty, never receives any of the trust funds, he and his estate may be liable.

The general rule with regard to the responsibility for the custody of trust assets is that "co-trustees are liable, each individually, no further than the assets which have come into his hands, except for his own fraud or negligence: Beatty's Estate, 214 Pa. 449; Aspell's Estate, 16 Dist. R. 424, 34 Pa. C. C. Reps. 548; Fesmire's Estate, 134 Pa. 67, 25 W. N. C. 544."

The question, therefore, arises, are the trust assets in any way in the custody or control or a liability of the trust company and subject to your supervision? If they are in such custody or control, or involve a liability on the part of the trust company arising from its obligation as a trustee—whether such liability be direct and potential, resulting from its wrongdoing, through its agent or contingent, resulting from its connivance or negligence in not acting to prevent wrongdoing or loss on the part of its co-trustee—in my opinion, such trust assets come under your supervision and should be submitted to your examiners. The fact that they may not be in the "sole custody" of the trust company is not important or relevant. If the trust company shares in their actual custody or control, or has a liability with respect thereto, they should be included in the trust assets to be reported and submitted to your department for examination.

If they are in the joint custody or control of the trust company as co-trustee with the other trustees, one of whom is an officer of the trust company, they should properly be included among the trust assets as a liability of the trust company.

I can conceive of no situation where a trust company acting as a trustee may be relieved entirely from liability, whether direct or contingent, for the acts and conduct of its co-trustees in connection with either the custody or administration of trust assets which are subject to joint direction or control.

It is begging the question for the trust company to say—with the trust assets admittedly in its vaults—that they are not in its actual custody or under its control, or impose no liability on the part of the trust company, but are under the sole control and direction of its two vice-presidents, one of whom is a co-trustee and the other acting as its designated agent to co-operate in administering the trust.

It seems to me that a reputable trust company acting as a co-trustee, which had even constructive possession of the trust assets by having them in its vaults, though in the name of its co-trustee, or even a contingent liability for the proper administration there, would not attempt to stand upon a strained technicality of the law as a subterfuge to evade examination and inspection by your department in the manner and to the extent contemplated by law.

The purpose of the law under which your department functions is not only to protect depositors of trust funds, but also cestuis que trustent, for whom trust companies may be directed to act as fiduciaries under the law.

I, therefore, advise you that, in my opinion, the trust assets heretofore withheld from your inspection and examination, as aforesaid, are properly under your supervision and should be examined the same as other assets or liabilities of trust companies.

From Guy H. Davies, Harrisburg, Pa.