Herr et al., Appellants, *v.* United States Casualty Company.

Argued March 23, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Wm. M. Kahanowitz,* for appellant.

*R. W. Smith,* of *Smith, Best & Horn,* for appellee.

OPINION BY MR. JUSTICE DREW, April 22, 1943:

Plaintiffs, the present liquidating trustees of the Keystone Westmoreland Building and Loan Association, brought two actions of assumpsit against the United

States Casualty Company as surety on the bonds of two former liquidating trustees of the association. The cases are identical and will be treated as one. The learned court below, being of the opinion that no cause of action had been stated, sustained defendant's affidavits of defense raising questions of law and entered judgments of non pros., and plaintiffs appealed.

The statements of claim allege that the stockholders of the association agreed, on November 23, 1937, to a plan of voluntary liquidation and unanimously elected Beacom, Cope, and Kurtz, the association's former president, vice-president, and secretary, respectively, liquidating trustees. Pursuant to the requirements of section 1108 of the Building and Loan Code (Act of May 5, 1933, P. L. 457, as amended), each of the trustees furnished to the association a bond, with defendant as surety, in the amount of $5,000, the coverage including "such pecuniary loss as the employer shall have sustained through failure of the employee covered hereunder to faithfully perform his duties." Kurtz, the former secretary, continued, as liquidating trustee, to collect the moneys due from rents and from the payment of interest and principal on notes and mortgages, but between the time of his entering upon his duties as trustee on April 20, 1938 and January 15, 1940, did not deposit in the trustees' bank account $18,106.14 of the sums collected by him, having fraudulently appropriated that amount to his own use. The statements of claim further allege that Beacom and Cope, Kurtz' co-trustees, had failed, over this period of time, to call in and collect the payments due the association, but had permitted Kurtz to do so individually, thereby making it possible for him to embezzle part of the proceeds, and that they had neglected to make a comparison between the records kept by Kurtz of his collections, and the deposit statements of their trustees' bank account, which would have disclosed the shortage, all of which, it is alleged, amounted to a failure on their part in the faithful performance of their duties.

It has been said "that it is the harshest demand that can be made in equity to compel trustees to make up a deficiency not owing to their wilful default": *Neff's Appeal,* 57 Pa. 91, 98. It is the general rule that "A trustee is not liable to the beneficiaries for a breach of trust committed by a co-trustee": Restatement of Trusts, sec. 224 (1). See *Clabby's Estate,* 338 Pa. 305, 310; *Graham's Estate (No. 1),* 218 Pa. 344. He will be held responsible, however, if he "improperly delegates the administration of the trust to his co-trustee; or . . . by his failure to exercise reasonable care in the administration of the trust . . . [enables] his co-trustee to commit a breach of trust": Restatement of Trusts, sec. 224 (2) (b),(d).

In determining what acts may be validly delegated and what may not, a distinction is made between discretionary acts and ministerial acts, the general rule being that the former may not be delegated, while the latter may: *Clabby's Estate,* supra; *Bohlen's Estate,* 75 Pa. 304, 317; *Vandever's Appeal,* 8 Watts & Serg. 405, 409. Where the act of one of the trustees is ministerial, such as the receipt of money or the holding of property, the other trustee is not chargeable for a loss of it, for he is neither an insurer of the safety of the trust funds nor a surety for his co-trustee: *Adams's Estate,* 221 Pa. 77; *Myer v. Myer,* 187 Pa. 247; *Fesmire's Estate,* 134 Pa. 67, 85. In *Clabby's Estate,* supra, where a trustee empowered an attorney-in-fact to hold the trust assets, collect the income, and distribute it under the terms of the will, we said (p. 316) : "The delegation of such purely ministerial duties is a common practice in trust administration, and we all agree that it was not improper." To the same effect is *Quinn's Estate,* 342 Pa. 509, in which the collection of rents was left to a co-trustee; we held that the latter alone should be surcharged for deficiencies in the amounts turned over to the beneficiaries. Permitting Kurtz to continue doing the purely ministerial acts of collecting and depositing moneys when they had no reason to suspect his honesty was not an improper delega-

tion of trust administration, and Beacom and Cope are not chargeable for losses arising therefrom.

We cannot see how it can be said that Beacom and Cope failed to exercise reasonable care in the administration of the trust or how anything they did or failed to do was not such conduct as could be expected of a prudent man under the circumstances. As trustees their duties were practically the same as those performed by them as officers of the association, and during that time there was no complaint from the stockholders because of anything done by them. In fact, their conduct as officers was approved by the stockholders in electing them trustees, which they did without a dissenting vote. As trustees they continued as before, with Kurtz collecting the moneys due from rents and from the payment of interest and principal on notes and mortgages. Beacom and Cope had no reason to question Kurtz' honesty. Although the three trustees were equally responsible for the administration of the trust, it was not necessary that each should be a supervisor of the work of the others. Without anything to arouse even a suspicion of dishonesty it was not required that each should act as a detective to watch the performance of the others' duties. This is particularly true as to the activities of Kurtz, for they also had a right to rely on the periodic examinations of the State Banking Department to disclose any dishonest practices. In *Adams's Estate,* supra, at p. 84, it was said: "There was a duty resting on each trustee to exercise prudence and care to insure the safety of the trust funds. In the absence of inculpatory circumstances, he was not required to regard his colleague other than honest, nor to believe that he would not honestly and properly administer the trust." Under the circumstances of the instant case, Beacom and Cope committed no breach of trust in permitting Kurtz to continue collecting the money and in trusting to his honesty in making the deposits. There being no dereliction of duty on their part, their surety is not liable.

Judgments affirmed.