## Hammett's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*J. Harry Wagner, Jr.*, for petitioner.

*Lemuel B. Schofield* and *W. Bradley Ward*, contra.

LADNER, J., June 16, 1944.—Pursuant to a petition filed by two grandchildren of testator, without joinder of life tenant or other parties in interest, a citation was allowed directed to William Muir as surviving trustee under the will of Frederick W. Hammett, deceased. To this citation William Muir filed an answer setting forth, inter alia, that at the time of decedent's death in 1906, and since, he was a nonresident of Philadelphia County and later a nonresident of this State; that all the assets of decedent's estate were at all times physically located in Philadelphia County, and that respondent never had, and has not now in his possession or control, individually or jointly, any of decedent's estate's assets; that all said assets were always in possession of decedent's other executors and trustees and their successors in office; that respondent never participated in the management or administration of decedent's trust estate, nor received any compensation, but that in the spring of 1918 he gave his resignation as executor and trustee to decedent's son, Frederick Royal Hammett (father of petitioners), who was the active managing trustee of the estate and who promised to effect respondent's discharge by this court; that thereafter respondent had no further connection with the estate; that all this was well known to decedent's widow, the life tenant, and the successor trustees, who were decedent's other children; that the last surviving trustee was William Henry Hammett, who died June 24, 1943, and who in his lifetime, by affidavit and other writings, declared himself the sole surviving trustee;

that all records, books, and papers showing conduct and management of the trust and necessary to an accounting were in the possession of William Henry Hammett, last surviving trustee at the time of this death. There are other averments not now necessary to recite.

The matter came before us on petition and answer at the February 1944 argument list, when we indicated that in view of the facts pleaded in the answer, which, in the proceeding before us, had to be taken as true, all parties under duty to account should be brought before us in order that complete justice might be done. Counsel for petitioner apparently acquiesced, so without an opinion being filed we directed counsel to submit a decree dismissing the petition without prejudice. Subsequently, both counsel agreed upon a form of decree reading as follows:

And now, February 21, 1944, the prayer of the above-referred-to petition is refused without prejudice to the rights of the petitioners to commence a new "proceeding to bring all parties before the court who may have a duty to account in this matter."

This decree was duly signed and entered by order of this court.

Thereafter counsel for petitioners filed a petition for reargument in which he pleaded that he was in error in submitting to the decree and asked us in view of this court's decision in Walker's Estate, 15 Dist. R. 190, to vacate our order and allow reargument. We heard counsel at the March argument list, at which time he argued that we were without power to make the order in question.

We entertain not the slightest doubt of our power to make the order which under the recited facts right, justice, and equity demand. Our power to do so is complete under section 9(b) of the Orphans' Court Act of June 7, 1917, P. L. 363, which gives us full control over fiduciaries within our exclusive sphere of jurisdiction.

We have read Walker's Estate, 15 Dist. R. 190, and also the report of the audit proceedings in the same estate at page 525 of the same volume. No facts such as are here present appeared in that case, and it is no authority against our right to make the order heretofore made. In Emlen's Estate, 8 Pa. C. C. 508, 510, it was said to be the "proper practice, upon the death of one of a number of trustees, who, with the consent and approval of his co-trustees, has had sole charge and management of the estate, receiving and disbursing its moneys, making its investments, etc., that his account of the management of the estate to the date of his death, should be prepared and filed by his executor or administrator. The reason being that the latter represents the deceased trustee, receives from his dead hand the moneys and other assets of the estate he had in his custody during his life, as well as his individual estate, which, perhaps, may be called upon to supply any deficit in the trust estate. And for the further reason that the co-trustees, except upon a legal default being shown, are not primarily liable for assets received by their co-trustee. And should they account therefor, it will be an admission of the receipt of, and their personal liability for, a fund never actually in their possession or under their control."

In view of this statement it is clear that the primary duty to account is on the fiduciary in possession of the trust estate and at his death his personal representative. The responsibility of the surviving trustee, if any assets are missing, or other loss occurs, must rest upon a showing either of connivance, fraud, or supine neglect. A cotrustee is not an insurer of trust funds against possibility of loss nor a surety for his cotrustee nor necessarily responsible for his cotrustee's default or breach of trust not participated in: Adam's Estate, 221 Pa. 77 (1908) ; Quinn's Estate, 342 Pa. 509 (1941) ; Herr et al. v. United States Casualty Co., 347 Pa. 148

(1943); though he may be under certain circumstances: Graham's Estate (No. 1), 218 Pa. 344 (1907). In our judgment it would be most expedient to have all these questions determined in one accounting at which the auditing judge could fix and determine the loss, if any, and the responsibility of the deceased trustee's estate as well as of the alleged surviving trustee. To that extent the order was favorable to petitioner, for we might well have directed that the executor of the trustee last in possession of the assets should first account, since the primary duty and responsibility was his: Emlen's Estate, supra. Accordingly the petition for reargument is dismissed and the order heretofore entered is confirmed.