## Waters Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner and Hunter, JJ.

*McHale, Briddes & Matthews*, for exceptant.

*Harry Goodfriend*, contra.

LADNER, J., May 17, 1948.—This case arose on exceptions to the second and final account of Elizabeth V. Waters, Joseph S. Waters and Margaret D. Muller (nee Waters), as stated by Joseph S. Waters and Margaret D. Muller, surviving executors of the estate of Mary E. Waters, deceased, pursuant to the decree of the court directing them to file an account of their administration of the estate covering the principal of a certain mortgage in the sum of $60,000, recorded in Mortgage Book J. M. H. No. 3435, page 517, etc. Before the auditing judge the following facts appeared:

The decedent owned a property at Frankford Avenue and Aramingo Street, Philadelphia, which was sold by the executors November 1, 1923, for $85,000. The executors took back a purchase money mortgage as part of the consideration in the sum of $60,000. The cash over and above the mortgage was properly distributed by the executors to the various parties in interest, including exceptant, but exceptant alleged that she never received her share of the mortgage. The auditing judge, however, found as a fact that this mortgage was satisfied June 26, 1925, and that exceptant did receive her share of the mortgage. The reasons set forth by the auditing judge as the basis of his fact finding so amply vindicate his decision that it is unnecessary to repeat them in this opinion. We content ourselves, therefore, with the statement that there is adequate evidence to justify his finding, and such a finding, like that of a jury, will not be disturbed except for clear error, not shown here: Roberts Estate, 350 Pa. 467; Hollins' Estate, 29 D. & C. 307; Chabrow's Estate, 22 D. & C. 481. Accordingly, the first 13 exceptions which raised but this single issue must be dismissed.

In the course of the audit counsel for exceptant, Emma V. McDermott, subpœnaed the individual bank deposit books of Elizabeth Waters, one of the executors, but now deceased. Based on the entries of deposits in said deposit books, counsel calculated a total sum of

$212,151.99, which he sought to have the auditing judge require the surviving executors to account for. As to this the auditing judge said:

"Another contention made by exceptant is that the executors of this estate continued to function during the entire period from 1923 to and including the year 1945 and that during that time approximately $212,000 was deposited and many disbursements made, which items were not included in the account before the court nor explained in any manner. I assume the complaint is that exceptant did not receive all of her share of distributable funds. Her testimony and the evidence adduced in support of her claim in this regard failed to show precisely how much, if anything, is due her. The account before me includes only receipts and disbursements in connection with the race track property and the Wildwood real estate. Indeed, the petition for citation and decree ordering the accounting were limited to these two items. True at the audit it was agreed that other matters than those mentioned might be considered in order to obviate future litigation, but not having before me a full accounting of all receipts and disbursements covering the full period since the last accounting I am in no position to decide whether or not exceptant has received all to which she is entitled. Any claim made by exceptant other than those specifically discussed and passed on is accordingly left open until such time as a more comprehensive account is filed. I do not order such accounting; if required, it must be in answer to a citation as was the present account."

To this ruling of the auditing judge exceptant now files exceptions 14 to 16. We are of opinion that the decision of the learned auditing judge was correct and the exceptions are without merit.

The transcript of the testimony does not contain copies of the deposit books in question but the auditing judge had them before him and they were produced to

the court en banc. They are three in number. The first (marked "Plaintiff's Exhibit 1 B.H.L.") is a deposit book of the Frankford Trust Company issued in the names of "Mary E. Waters and Elizabeth Waters, Admxs." Inspection shows this account was opened in 1913, that the last deposit was made in 1926, and that the account was closed out September 2, 1932. It is clear from the names of the depositors that they were administratrices, not executors, and of some other estate, certainly not this one, for decedent here did not die until May 13, 1920. The second (marked "Plaintiff's Exhibit 2 B.H.L.") was likewise issued by the Frankford Trust Company but is in the individual name of Elizabeth V. Waters, the first entry being dated 1921 and the last January 30, 1931. The third (marked "Plaintiff's Exhibit 4 B.H.L.") was also issued by the Frankford Trust Company in the individual name of Elizabeth V. Waters. Entries of deposits shown therein run from September 3, 1935, to February 14, 1944.

We do not see how the accountants, being surviving coexecutors, can be made to account for moneys not shown to have ever been deposited to their credit or to the credit of the estate of which they are cofiduciaries. The rule is that coexecutors are liable personally and individually no further than the assets that have come into their hands, unless they negligently failed to collect assets or unless they have done some act which the law construes as equivalent to an admission that assets were in their hands and power and culpably and negligently parted with: Myer v. Myer, 187 Pa. 247 (1898), and see cases cited in I Hunter's Common Place Book 473, also Hammett's Estate, 51 D. & C. 489 (1944). There has been no such showing here. Deposits in a fiduciary account of a different estate, or in a fiduciary's personal account obviously raise no pre-

sumption that the funds so deposited ever belonged to this estate.

Exception 19 charges that the auditing judge erred in failing to award to Emma V. McDermott a one eleventh interest of the "Shallcross" mortgage and dismissing her claim thereto. Possibly exceptions 11 and 12 are directed to the same question but these exceptions are poorly drawn and as confusing as the testimony relating to the Shallcross mortgage. As to this mortgage, what the auditing judge said was as follows:

"At the audit, and in counsel's brief, mention is made of a $20,000 'Shallcross' mortgage as to which all parties in interest signed a power of attorney authorizing Henry W. Scarborough, Esq., to collect, distribute, and to satisfy the same. It apparently was duly satisfied of record by Scarborough on January 28, 1925. Exceptant claims she never received her share of the proceeds. The evidence with respect to this transaction is vague and indefinite but I gather that the mortgage was originally an asset of another estate and was intermingled by the executors with the assets of this estate under a family settlement agreement entered into on or about June 18, 1921. In any event the mortgage in question never belonged to this estate and naturally the executors are not accountable for it in this proceeding. I assume the situation with respect to it is the same as that discussed above concerning the race track property, but whether exceptant was entitled to participate in distribution of it, and whether she ever received her share are questions which cannot be answered here."

The ruling of the auditing judge with respect to this "Shallcross" mortgage is so clearly correct as to require no further comment. The exceptions in this regard are also dismissed.

All exceptions are dismissed and the adjudication is now confirmed absolutely.